# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DOUGLAS ALLISON,                             )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )        Case No. CIV-26-00626-JD
                                             )
OKLAHOMA COUNTY DETENTION                    )
CENTER,                                      )
                                             )
                    Defendant.               )

## <u>ORDER</u>

Plaintiff, proceeding pro se and detained at Oklahoma County Detention Center, filed this civil rights action. [Doc. No. 1]. The Court referred this case for preliminary review to United States Magistrate Judge Suzanne Mitchell under 28 U.S.C. § 636. [Doc. No. 4]. Judge Mitchell issued an initial order to cure deficiencies on March 31, 2026, noting that Plaintiff had not used the Court's complaint form and had not submitted an in forma pauperis motion or paid the full $405.00 filing fee. [Doc. No. 5]. Judge Mitchell ordered Plaintiff to cure the deficiencies by April 21, 2026, and warned that failure to comply with the order may result in the Court dismissing the action. [*Id.* at 1–2]. The Clerk of Court mailed Plaintiff the necessary forms to comply with the order. Plaintiff then submitted a Motion for Leave to Proceed in Forma Pauperis on the Court's form, executed on April 13, 2026. [Doc. No. 6].

On April 24, 2026, Judge Mitchell granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis, allowing Plaintiff to proceed without prepayment of the full filing fee. [Doc. No. 7]. Nevertheless, pursuant to 28 U.S.C. § 1915(b)(1), Judge Mitchell ordered

Plaintiff to pay an initial partial filing fee of $14.73 by May 15, 2026, followed by monthly payments thereafter until the filing fee of $350.00 was paid. [*Id.* at 1–2]. Additionally, Judge Mitchell reminded Plaintiff of the Court's initial order to cure deficiencies, and Judge Mitchell sua sponte extended Plaintiff's deadline to file his amended complaint on the proper form to May 15, 2026. [*Id.* at 3]. Judge Mitchell again warned Plaintiff that failure to comply with the deadlines would result in the dismissal of the action. [*Id.* at 2, 3].

Plaintiff did not pay the initial partial filing fee or file an amended complaint on the proper form. He did not seek an extension of time to comply or show cause for his failure to comply with Judge Mitchell's orders.

Consequently, on May 27, 2026, Judge Mitchell issued a Report and Recommendation recommending that this action be dismissed without prejudice for Plaintiff's failure to follow the Court's rules and orders and pay the initial partial filing fee. [Doc. No. 8 at 1, 4]. Judge Mitchell advised Plaintiff of his right to object to the Report and Recommendation by June 17, 2026, and warned that Plaintiff's failure to make a timely objection waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. [*Id.* at 4].

Plaintiff has not filed any objection, nor has he paid the required initial partial filing fee. Instead, Keith Wesley Edwards, a non-party to this action, operating under the self-proclaimed title of "Supreme Court Justice of the U.S. Lakota Native American Government" has filed a notice attempting to waive Plaintiff's obligation to pay the full filing fee. [*See* Doc. No. 9]. Mr. Edwards is not a party to this action and has not sought

2

or obtained leave to intervene or otherwise appear in this case. Accordingly, the Court STRIKES the Notice [Doc. No. 9] as an improper filing.

Despite being advised of his right to object and the consequences of failing to object, Plaintiff did not file a timely objection or seek an extension of time to file an objection. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). Plaintiff thus waived his right to challenge the recommended disposition of his action in the Report and Recommendation.

"The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Id.* However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a pro se litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Alternatively, even conducting a de novo review, the Court concludes that Judge Mitchell did not commit factual or legal errors in her recommendation that the Court dismiss the action without prejudice. The Court concurs with Judge Mitchell's analysis and finds that there is nothing further it can add to it. [*See* Doc. No. 8].

The Court therefore **ACCEPTS** the Report and Recommendation [Doc. No. 8] in its entirety for the reasons stated therein. The Court dismisses this action without prejudice.

IT IS SO ORDERED this 26th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE